Wilds, J.
contra, thought the evidence arising from the presumption, that Simpson had pursued the authority given him, by selling this negro as Graham’s, from his being lead by Graham, who had the negro in his possession, to suppose he was his proper, ty; and from his not correcting the mistake afterwards, ought to have been admitted to go to the jury, in proof that Nelson had authorized the sale by Simpson.
Per totam curiam. The offering evidence to prove an eviction *492 0f the thingsold, by the production of a record, shall not preclude other evidence from being admitted, to shew that the seller had no property in the thing sold, at the time of the sale.*
Motion refused.
Note. See 1 Domat’s Civil Law, 79, B. 1, Tit. 2, sec. 11: “ If the purchaser discovers that the seller has sold him that which belongs to another, and which the seller knew to be such, he may bring his action against the seller, although he be notas yet disturbed in his possession, to oblige him to remove the danger of the eviction; apd to recover the damages he may suffer by su,ch sale ” Sec. 30, L. After the buyer has intimated to the seller that he is sued, &c. the seller is boupd to warranty; but if he prejudices the .condition of his voucher, he cannot demand warranty against eviction.” Ib. Sec. L. 55,56. “ Eviction is the loss which the buyer suffers either of the whole thing that is sold, or a part of it, because of the right which a third person has to it.” D.omat, B. 1, Tit. 2, sec. 2.
If plaintiff, in trover to establish a property, offers written evidence, which ho fails in doing, he shall not be allowed to recur to, and rely on a mere possessory title — and parol eyidence of title is inadmissible. 2 Esp. It. 619.

 It did not appear from the report of Watif.s, J. that N. Graham ever knew 6f the sale by Simpson, of the negro in question, to ilurrell If there was evidence given to that effect, 1 think it ought to have been suffered to go to thf¡ jury, to prove that Graham authorized the sale.